FILED

14 JAN 28 AM 11:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLENE PEREZ,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC and DOES 1 through 75, Inclusive,<br><br>　　　　　　Defendants. | CASE NO. 13-CV-2886 BEN (BLM)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

On December 10, 2013, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. (Docket No. 4.) For the reasons stated below, this action is **REMANDED** to the Superior Court of California, County of San Diego.

## BACKGROUND

This action arises from Plaintiff Cellene Perez's purchase of an allegedly defective used 2007 Nissan Sentra from Defendant CarMax Auto Superstores California LLC. On October 31, 2013, Plaintiff filed suit in California state court. The Complaint alleges: (1) breach of express warranty under 15 U.S.C. § 2310(d) and California Civil Code § 1794; (2) breach of the implied warranty of merchantability under 15 U.S.C. § 2310(d) and California Civil Code § 1794; (3) violation of the Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*; (4) violation of

the Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*; and (5) fraud and deceit. The Complaint seeks damages, rescission of the purchase contract and restitution of all monies expended, incidental and consequential damages, punitive damages, equitable and injunctive relief, prejudgment interest, and reasonable attorneys' fees and costs.

On December 5, 2013, Defendant removed this action under both diversity jurisdiction and federal question jurisdiction. On December 3, 2013, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction. (Docket No. 4.) Both parties have filed responsive briefs. (Docket Nos. 8, 9.)

## DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed against removal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (internal quotation marks omitted). The district court must remand any action previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Defendant removed this action on the basis of both diversity jurisdiction and federal question jurisdiction. Each will be addressed in turn.

### I. DIVERSITY JURISDICTION

"Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also* 28 U.S.C. § 1332(a).

1    The Court will address only the amount in controversy requirement, as this issue
2 is dispositive. Diversity jurisdiction exists only "where the matter in controversy
3 exceeds the sum of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).
4 This amount is determined by the amount of damages or the value of the property that
5 is the subject of the action. *Hunt v. Wash. State Apple Advertising Comm'n*, 423 U.S.
6 333, 347-48 (1977).

7    When a state court complaint affirmatively alleges that the amount in
8 controversy is less than $75,000, the party seeking removal must prove to a "legal
9 certainty" that the threshold is met. *Tele Munchen Fernseh GMBH & Co.*
10 *Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib., LLC*, No. CV 13-5834, 2013
11 WL 6055328, at *2 (C.D. Cal. Nov. 15, 2013) (citing *Guglielmino v. McKee Foods*
12 *Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)). When it is unclear or ambiguous from the
13 face of the complaint whether the jurisdictional threshold is met, however, a
14 "preponderance of the evidence" standard applies. *Id.* Here, Plaintiff does not seek a
15 specific amount in damages. The Complaint is ambiguous as to the total amount in
16 controversy, meaning that the preponderance of evidence standard applies.

17    In regard to actual damages, the total amount of the sale was $15,835.24.
18 (Compl., Exh. 1.) In addition, Defendant concedes that general and compensatory
19 damages amount only to the amount of the total sale. (Def. Response at 7.)
20 Accordingly, the Court finds that only $15,835.24 in actual damages is at issue.

21    In regard to punitive damages, punitive damage awards ranging from one to four
22 times the amount of damages are most likely to comport with due process. *State Farm*
23 *Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Defendant argues that the
24 Court should use a multiple of two when determining punitive damages in this case,
25 which would amount to an award of $31,670.48. Defendant, however, fails to offer any
26 support for using a multiple of two. The Court declines to find that under a
27 preponderance of evidence standard, punitive damages amount to $31,670.48.

28    In regard to attorneys' fees, if the plaintiff may recover attorneys' fees by either

statute or contract, the fee claim is included in the determination of the amount in controversy, regardless of whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees incurred after the date of removal are not included in the amount in controversy. *See Stelzer v. CarMax Auto Superstores Cal., LLC*, No. 13-CV-1788, 2013 WL 6795615, at *6 (S.D. Cal. Dec. 20, 2013); *Wastier v. Schwan's Consumer Brands*, No. 07-CV-1594, 2007 WL 4277552, at *3 (S.D. Cal. Dec. 5, 2007).

If Plaintiff prevails, an award of attorneys' fees may be proper. CAL. CIV. CODE §§ 1780(e); 1794(d). In determining the amount of an award of attorneys' fees, this Court will consider only the attorneys' fees incurred up to the time the action was removed. Mark E. Edwards, Defendant's expert, estimates that the "Case Intake and Claim Generation Phase" of this action—which "includes an initial meeting with the client, review of documents, and generation of a complaint and a CLRA/Song-Beverly Act demand letter"—required four to seven hours of junior attorney work, resulting in $1,200 in attorneys' fees. (Edwards Decl. at 11.) This estimate, however, is likely inflated, as the complaint Plaintiff filed appears to be a form complaint used for cases of this kind. Like Judge Larry Burns in *Stelzer*, the undersigned finds it more likely that it took the junior associate one to three hours to complete this phase of litigation, which would generate approximately $600 in attorneys' fees. *Stelzer*, Case No. 13-CV-1788 LAB (JMA), Docket No. 18, at 10.

In regard to injunctive relief, Defendant estimates that it would cost CarMax $350,000 to comply with the requested injunction. Plaintiff does not address the cost of the requested injunction. The Court finds that Defendant has greatly overestimated the cost of complying with the requested injunction, and has failed to show that the injunction is valued at more than a few thousand dollars. *Cf. id.* (finding that CarMax's estimate of $350,000 "borders on the preposterous").

Accordingly, Defendant has failed to show that under a preponderance of evidence standard, the amount in controversy exceeds $75,000. Strictly construing the

removal statute against finding jurisdiction, as *Kokkonen* requires, this Court finds that it lacks diversity jurisdiction.

## II. SUBJECT MATTER JURISDICTION

Section 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant argues that this Court has federal question jurisdiction over the present action because Plaintiff asserts two claims under federal law—breach of express warranty and breach of implied warranty, under the Magnuson-Moss Act, 15 U.S.C. § 2310(d).

Under § 2310(d)(1)(B), "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief" in an appropriate district court. For such a claim to be cognizable, however, the amount in controversy must be at least $50,000 for all claims brought. 15 U.S.C. § 2310(d)(3)(B). Here, as explained above, Defendant has failed to show that the amount in controversy is at least $50,000. Strictly construing the removal statute against finding jurisdiction, this Court finds that it lacks federal question jurisdiction.

## CONCLUSION

For the reasons stated above, this action is **REMANDED** to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: 1/28/14

HON. ROGER T. BENITEZ
United States District Judge